UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRUMAN CAPITAL HOLDINGS LLC,<br><br>Plaintiff,<br><br>v.<br><br>MARTA D. LYALL,<br><br>Defendant. | CASE NO. 2:24-cv-01425-JNW<br><br>ORDER REMANDING AND CLOSING CASE |
| MARTA D. LYALL,<br><br>Plaintiff,<br><br>v.<br><br>MITCHELL SAMBERG; DOOJIN CHUNG; TRUMAN TRUST, LLC, LES ZIEVE; DOES 1-6,<br><br>Defendants. | |

Litigant Marta Lyall attempts to remove and consolidate two King County Superior Court cases—Case Numbers 23-2-23943-1 and 24-2-02128-1 Dkt. No. 3. Before addressing any pending motions in this matter, the Court must decide whether it has subject-matter jurisdiction. After considering the record and the law,

ORDER REMANDING AND CLOSING CASE - 1

the Court finds that it lacks subject-matter jurisdiction over both King County Superior Court cases and REMANDS for that reason.

If a federal district court finds that it lacks subject-matter jurisdiction over a removed case, it must remand that case. 28 U.S.C. § 1447(c). Congress regulates the scope of federal subject-matter jurisdiction by statute. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). This case involves removal jurisdiction, which Congress established through 28 U.S.C. § 1441 ("Section 1441"). Section 1441 only permits defendants to invoke removal jurisdiction, limiting the scope of federal courts' subject-matter jurisdiction in this way. *Oregon Egg Producers v. Andrew*, 458 F.2d 382, 383 (9th Cir. 1972) ("A plaintiff who commences his action in a state court cannot effectuate removal to a federal court even if he could have originated the action in a federal court and even if a counterclaim is thereafter filed that states a claim cognizable in a federal court."). It also requires the Court to have an independent basis for subject-matter jurisdiction to exercise removal jurisdiction. 28 U.S.C. § 1441(a).

Here, the Court lacks jurisdiction over King County Case Number 23-2-23943-1because Lyall is the plaintiff in that case and thus has no right of removal. *See id.*; *Shamrock*, 313 U.S. at 105.

The Court also lacks jurisdiction over King County Case Number 24-2-02128-1 because no independent basis for original subject-matter jurisdiction exists. Lyall maintains that an independent jurisdictional basis exists because King County Case Number 24-2-02128-1 presents a federal question. *See* Dkt. 1-2 at 1 ("Basis of Jurisdiction"). But the state-court action is an eviction proceeding governed by the

ORDER REMANDING AND CLOSING CASE - 2

Washington Revised Code and Washington common law; it presents no federal question. *See* Dkt. No. 1-1 at 13–15. And all parties are Washington residents, so diversity jurisdiction is also lacking. Thus, the Court cannot exercise removal jurisdiction and must remand. 28 U.S.C. § 1441(a); 28 U.S.C. § 1447(c).

Given the Court's jurisdictional analysis, the Court cannot make findings on the administrative and procedural issues raised by Lyall's attempt to remove two separate state-court actions under the same federal cause number.

Accordingly, the Court ORDERS:

- The Court lacks subject-matter jurisdiction over this matter.

- The Court REMANDS this action to King County Superior Court (Case Nos. 23-2-23943-1 and 24-2-0128-1).

- All pending motions are DENIED AS MOOT.

- The Court DIRECTS the Clerk of the Court to STRIKE any pending hearing or noting dates, ENTER JUDGMENT, and CLOSE THIS CASE.

- The Court further DIRECTS the Clerk of the Court to send copies of this Order and the Court's Judgment to the Parties. The Clerk may use contact information contained in Dkt. Nos. 6–8, or elsewhere in the docket, to ensure that all Parties in the state-court actions receive notice of this Order and the Court's Judgment.

Dated this 18th day of September, 2024.

Jamal N. Whitehead
United States District Judge

ORDER REMANDING AND CLOSING CASE - 3