UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRUMAN CAPITAL HOLDINGS LLC, <br><br> Plaintiff, <br><br> v. <br><br> MARTA D. LYALL, <br><br> Defendant. | CASE NO. 2:24-cv-01425-JNW <br><br> ORDER |
| MARTA D. LYALL, <br><br> Plaintiff, <br><br> v. <br><br> MITCHELL SAMBERG; DOOJIN CHUNG; TRUMAN TRUST, LLC, LES ZIEVE; DOES 1-6, <br><br> Defendants. | |

The Court considers Lyall's motions at Dkt. Nos. 22 and 24, each of which ask the Court to stay its remand of this matter to King County Superior Court. Having considered the motions, the record, and the relevant law, the Court is fully informed and denies the motions.

ORDER - 1

The removal statute, 28 U.S.C. § 1447(c), "requires a district court to remand a case to state court when it determines the case was improvidently removed." *Seedman v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir. 1988). "Generally, federal jurisdiction ends once a case is remanded to state court." *McFarland v. Cap. One, N.A.*, Civil Action No. TDC-18-2148, 2019 WL 5079777, at *2 (D. Md. Oct. 10, 2019) (citing *Three J Farms, Inc. v. Alton Box Bd. Co.*, 609 F.2d 112, 115 (4th Cir. 1979)).

"Remand orders based on section 1447(c) are unreviewable on 'appeal or otherwise.'" *Seedman*, 837 F.3d at 414. (quoting 28 U.S.C. § 1447(d)). The Ninth Circuit has held that this language "preclude[s] not only appellate review but also reconsideration by the district court." *Id*. Indeed, "[o]nce a district court certifies a remand order to state court it is divested of jurisdiction and can take no further action in the case."[1] *Id*. ("A remand order [based on 28 U.S.C. § 1447(d)] returns the case to the state courts and the federal court has no power to retrieve it."). Having remanded this case under 28 U.S.C. § 1447(c), the Court lacks jurisdiction over this matter and thus denies Lyall's motions to stay as moot. *See id*. (mandamus appropriate where district court vacated its prior remand order).

In the alternative, the Court finds that Lyall is not entitled to a stay pending appeal and denies the motions for that reason. "'A stay is not a matter of right,' but rather is 'an exercise of judicial discretion,' the propriety of which 'is dependent

---

[1] The Court acknowledges that it previously stayed its remand order in this case. Accordingly, the Court reconsiders its Order at Dkt. No. 15.

ORDER - 2

upon the circumstances of the particular case.'" *McFarland*, 2019 WL 5079777, at *2 (quoting *Nken v. Holder*, 556 U.S. 418, 433 (2009) (citation omitted)). District courts consider four factors when deciding whether to issue a stay pending appeal: "(1) whether the stay applicant has made a strong showing that [s]he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken*, 556 U.S. at 426 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The moving party bears the burden. *Id*.

Lyall has not addressed this legal test and has failed to meet it. She argues that the Court must stay its remand order until her appeal has completely resolved. *See* Dkt. No. 22 at 4. Notably, the Ninth Circuit has already dismissed her appeal for lack of jurisdiction. Dkt. No. 18. Accordingly, Lyall has not made a strong showing that she is likely to succeed on the merits of her appeal.

As for the second factor, Lyall has failed to articulate how she will suffer irreparable harm absent a stay of the Court's remand order. She contends that the stay "must be reinstated until Lyall's claims can be heard, which is her constitutional right." Dkt. No. 22 at 4. But Lyall does not have the right—much less the constitutional right—to a stay pending appeal. *See Nken* 556 U.S. at 433. Regarding the third factor, the Court finds that the other litigants in this matter will suffer harm if a stay is granted, as they will be unable to pursue the resolution of their claims in state court. Finally, the Court finds that the public interest is best

ORDER - 3

served by the efficient and procedurally correct resolution of Lyall's claims on the merits.

Accordingly, the Court ORDERS that Lyall's Motions, Dkt. Nos. 22 and 24, are DENIED AS MOOT. Alternatively, the Court denies the motions on their merits. All other pending motions are DENIED AS MOOT and any hearing dates are STRICKEN.

Dated this 3rd day of January, 2025.

Jamal N. Whitehead
United States District Judge

ORDER - 4