UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRUMAN CAPITAL HOLDINGS LLC,<br><br>Plaintiff,<br><br>v.<br><br>MARTA D. LYALL,<br><br>Defendant. | CASE NO. 2:24-cv-01425-JNW<br><br>ORDER |
| MARTA D. LYALL,<br><br>Plaintiff,<br><br>v.<br><br>MITCHELL SAMBERG; DOOJIN CHUNG; TRUMAN TRUST, LLC, LES ZIEVE; DOES 1-6,<br><br>Defendants. | |

The Court considers Lyall's motion at Dkt. No. 29, which asks the Court to stay the remand of this matter. Because Lyall has already requested this relief, the Court construes the motion as a motion for reconsideration of its January 3rd order,

ORDER - 1

Dkt. No. 26. As that Order explained, the Court lacks the power to stay or reconsider its remand, stating:

> "Remand orders based on section 1447(c) are unreviewable on 'appeal or otherwise.'" *Seedman*, 837 F.3d at 414. (quoting 28 U.S.C. § 1447(d)). The Ninth Circuit has held that this language "preclude[s] not only appellate review but also reconsideration by the district court." *Id*. Indeed, "[o]nce a district court certifies a remand order to state court it is divested of jurisdiction and can take no further action in the case."[1] *Id*. ("A remand order [based on 28 U.S.C. § 1447(d)] returns the case to the state courts and the federal court has no power to retrieve it."). Having remanded this case under 28 U.S.C. § 1447(c), the Court lacks jurisdiction over this matter and thus denies Lyall's motions to stay as moot. *See id*. (mandamus appropriate where district court vacated its prior remand order).

Dkt. No. 26 at 2. The Court lacks jurisdiction to take further action in this case.

Lyall continues to file unauthorized pleadings in this closed case. "It is well established that [d]istrict courts have inherent power to control their docket[s]." *Ready Transp. Inc. v. AAR Mfg. Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (internal quotations and citations omitted); *see also Chaker-Delnero v. Butler & Hailey*, Case No. 2:06-cv-00022-KJD-LRL, 2023 WL 2861254, at *2 (D. Nev. Apr. 10, 2023) (directing clerk to stop accepting filings from plaintiff who repeatedly filed motions to reconsider); *Sanai v. Lawrence*, 2022 WL 18228253, at *7 (N.D. Cal. Nov. 28, 2022) ("The Court has ruled on multiple motions for reconsideration by Plaintiff pursuant to Rule 60(b) and will not do so again."); *Dinh Nguy v. Cinch Bakery Equip., LLC*, Case No. 2:13-cv-2283-TLN-KJN PS, 2015 WL 3937887, at *2 (E.D.

---

[1] The Court acknowledges that it previously stayed its remand order in this case. Accordingly, the Court reconsiders its Order at Dkt. No. 15.

ORDER - 2

Cal. June 26, 2015) (explaining courts use their inherent power to strike pleadings and documents from the record).

    Accordingly, the Court ORDERS:

- The Court lacks jurisdiction to grant the relief requested or take further action in this matter. Thus, Lyall's motion at Dkt. No. 29 is DENIED AS MOOT.
- The Court will strike all future filings by Lyall, except those directed to the Ninth Circuit Court of Appeals.

Dated this 14th day of January, 2025.

                                          Jamal N. Whitehead
                                          United States District Judge